

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6139-CR-FERGUSON
Magistrate Judge

UNITED STATES OF AMERICA )
)
)
)
v. )
)
)
CHRISTEEN CAMPBELL, )
)
    Defendant. .
_____ )

**GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

    A.    1.    Attached, please find a copy of written statements made by the defendant.

            2.    That portion of the written record containing the substance of oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent is attached.



3. No defendant testified before the Grand Jury.

4. The NCIC record of the defendant is attached.

5. Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., Suite 700, Fort Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.

   The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6. A report analyzing and comparing the fingerprints of the defendant to the enclosed prior INS records concerning the defendant is enclosed.

B. DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976). The government is not presently aware of any information or material favorable to the defendant on the issues of guilt or punishment within the scope of Brady and Augers.

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959). There are at present no cooperating defendants or informants in this case.

2

E.  The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial. There are at present no cooperating defendants or informants in this case.

F.  No defendant was identified in a lineup, show up, photo spread or similar identification proceedings. However, photographs taken of the defendant at the time are her prior removal are attached and will be admitted in this case.

G.  The government has advised its agents and officers involved in this case to preserve all rough notes.

H.  The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.  The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.  The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.  No drug contraband is involved in this indictment.

L.  The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.  The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

As noted above, attached are inked prints of the defendant, and accompanying analysis, that the government does intend to introduce.

3

N.  To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.  The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government hereby requests that the defense stipulate to the following facts:

1.  The inked fingerprint standards attached hereto at Bates Number 1, obtained on May 12, 2000, are the inked fingerprints of the defendant.

2.  The defendant's true name is not Adrene Vanessa Reece.

3.  The Jamaican passport presented by the defendant to INS officials on May 12, 2000, at the Fort Lauderdale/Hollywood International Airport, has been altered through the substitution of the defendant's photograph for that of the true passport holder.

4.  The defendant was ordered removed from the United States on or about November 30, 1998.

5.  The defendant was removed from the United States on December 1, 1998, pursuant to an INS removal order.

6.  The INS Form I-296 (Notice to Alien ordered removed/Departure Verification) contains the photograph, fingerprint and signature of the defendant. (Bate #34).

7.  The defendant is not a Citizen of the United States.

4

        8.     The defendant did not request the permission of the Attorney General to apply for admission to the United States prior to her departure for the United States on May 12, 2000.

        9.     The fingerprints on file with the FBI in the name Christeen Campbell, FBI #715803JB8, are those of the defendant in this case.

      10.    The defendant attempted to enter the United States on or about 11/30/98 through JFK International Airport, N.Y., using the name Tameka Blackwood.

      11.    The written statements attached at Bates Numbers 11-15, 16-19 and 36-41 are statements made by the defendant.

P.     The government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

        Date: May 12, 2000
        Place: Fort Lauderdale/Hollywood International Airport.

The attachments to this response are numbered pages 1-41. Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
Robert N. Nicholson
Assistant United States Attorney
Florida Bar No. 933996
500 East Broward Blvd. Ste. 700
Ft. Lauderdale, Florida 33394
Tel: (954) 356-7255
Fax: (954) 356-7336

cc: Special Agent Angela Lear
    INS

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 5th day of June, 2000, to:

Tim Day, Esq.
Assistant Federal Public Defender
101 N.E. 3rd Ave, Suite 202
Fort Lauderdale, FL 33301

_____
Robert N. Nicholson
Assistant United States Attorney

6